UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT W JOHNSON,

        Plaintiff,

                                            Case No. 24-cv-1387-bhl

    v.

JAMES GEDDES FAMILY and
SYRACUSE HOUSING AUTHORITY,

        Defendants.

## ORDERING ADOPTING REPORT AND RECOMMENDATION

On October 29, 2024, Robert W. Johnson, proceeding *pro se*, filed a complaint against Defendants, the "James Geddes Family" and Syracuse Housing Authority. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) Johnson alleges that Defendants discriminated against him due to his race, age, sex, and religion in violation of 42 U.S.C. § 1983. (ECF No. 1 at 3–4.) He indicates that both he and the Defendants are located in Syracuse, New York and contends that the events giving rise to his claim occurred in the same city. (*Id.* at 2 & 4.) He requests $200,000,000 for discrimination and $100,000,000 for breach of contract. (*Id.* at 5.)

On October 31, 2024, Magistrate Judge William E. Duffin addressed Johnson's IFP motion and screened the complaint. (ECF No. 5.) Judge Duffin denied Johnson's request to proceed IFP because Johnson had failed to provide any information about his income or expenses. (*Id.* at 2 (citing ECF No. 2).) Judge Duffin then recommended that the complaint be dismissed without prejudice for improper venue given that the parties are residents of, and the primary events took place in, the Northern District of New York. (*Id.* at 3 (citing 28 U.S.C. §1391).) Judge Duffin also recommended imposing sanctions. (*Id.*) He concluded that Johnson had filed his lawsuit in this district in a transparent attempt to avoid a filing bar entered against him in the Northern District of New York. (*Id.*) He also highlighted Johnson's attempt to pass himself off as an attorney by signing his complaint as "Willie Johnson Esq." and providing an obviously fake bar number:

"999999." (*Id.* at 3–4.) Judge Duffin noted that Johnson had referred to "Willie Johnson" in prior lawsuits, using Johnson's own address, and that they sign their names identically. (*Id.* at 4.) Judge Duffin found that Johnson's conduct in falsely representing himself as an attorney, or being represented by an attorney named Willie Johnson, warranted monetary sanctions under Fed. R. Civ. P. 11. (*Id.*) He then gave Johnson 14 days to show cause as to why sanctions should not be applied and to timely object to his report and recommendation. (*Id.* at 5.) Johnson has not filed a response.

Pursuant to General L. R. 72(c), 28 U.S.C. § 636(b)(1)(B) and (C), and Fed. R. Civ. P. 6(d) and 72(b)(2), Johnson had until November 14, 2024 to file and serve written objections to the Magistrate Judge's Report and Recommendation. If objections are made, this Court must "make a de novo determination of . . . the report or specified proposed findings or recommendations." 28 U.S.C. § 636(b)(1). Because Johnson did not file any objections, Judge Duffin's report is reviewed only for clear error. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross,* 59 F.3d 668, 671 (7th Cir. 1995)).

Based on Judge Duffin's Report and the record as a whole, the Court finds no clear error and adopts the Report and Recommendation. With respect to the IPF ruling, this Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). Because Johnson failed to supply supporting evidence, Judge Duffin properly denied his IFP application. *See* 28 U.S.C. § 1915(a)(1). Judge Duffin also properly recommended dismissal for improper venue. The federal venue statute provides that a civil action may be brought in the judicial district where any defendant resides, if all defendants are residents of the State where the district is located, or in the judicial district where a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). Given the facts set forth in the complaint, Judge Duffin's determination that the Northern District of New York is the proper venue for this matter was correct. When venue is improper, the case may be dismissed without prejudice or, if it is in the interest of justice, transferred to any district where it could have been brought. 28 U.S.C. § 1406(a); *Farmer v. Levenson*, 79 Fed. App'x 918, 922 (7th Cir. 2003). Judge Duffin's finding that Johnson filed in this district to avoid the Northern District of New York's filing bar, not due to a genuine mistake, was not clearly erroneous and the Court will adopt his recommendation for dismissal.

The Court will also impose sanctions, as recommended by Judge Duffin. Johnson has filing bars imposed in the Northern District of New York, the Southern District of New York, the District of Connecticut, and the Southern District of Ohio. *Johnson v. Three Rivers*, 3:24-cv-00204-SLG, 2023 WL 455811, *1 (D. Alaska Oct. 23, 2024) (collecting cases). He has also previously been warned by the U.S. Court of Appeals for the Second Circuit that his continued filing of frivolous appeals could result in a filing injunction in that forum. *Id.* In the last three months, he has brought three additional cases before this Court in what appears to be an attempt to evade the various filing bars imposed against him, and all three were transferred to the appropriate venue. *See Johnson v. Haza Grp.*, 24-cv-01166-JPS, ECF No. 4 at 1 n.1 (E.D. Wis. Sep. 16, 2024); *Johnson v. Albolino*, 24-cv-01167-JPS, ECF No. 4 at 1 n.1 (E.D. Wis. Sep. 16, 2024); *Johnson v. Argonaut Ins. Co.*, 24-cv-1168-JPS, ECF No. 4 at n.1 (E.D. Wis. Sep. 16, 2024). His conduct warrants sanctions to prevent continued frivolous filings. Johnson's false portrayal of himself to this Court as an attorney, or as being represented by a fictitious attorney who shares Johnson's name, address and signature, also violates Fed. R. Civ. P. 11(b), warranting monetary sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Duffin's Report and Recommendation, ECF No. 5, is **ADOPTED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Duffin's recommendation of Rule 11 sanctions is **ADOPTED.** Johnson is **barred from filing in this Court** unless it be in defense of a federal crime or an application for a writ of habeas corpus. Johnson will pay to the Court $1,000.00 for misrepresenting himself as an attorney, or as being represented by an attorney, in his complaint.

**IT IS FURTHER ORDERED** that the complaint, ECF No. 1, is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Johnson's motion to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on November 20, 2024.

s/ *Brett H. Ludwig*
_____
BRETT H. LUDWIG
United States District Judge